IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GEORGIA STATE CONFERENCE OF THE NAACP, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**STATE OF GEORGIA, et al.,**<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5338-ELB-SCJ-SDG<br><br>THREE-JUDGE COURT |
| **COMMON CAUSE, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, et al.,**<br><br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-CV-00090-ELB-SCJ-SDG<br><br>THREE-JUDGE COURT<br><br>**CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42** |

Before BRANCH, Circuit Judge, JONES and GRIMBERG, District Judges.

BY THE COURT:

## ORDER

This matter appears before the Court *sua sponte* on the issue of consolidation of the above-stated cases.

**I.   BACKGROUND**

In January of 2022, the Court ordered the Parties in Georgia State Conference of the NAACP, et al. v. State of Georgia, et al. (No. 1:21-cv-5338) and Common Cause, et al. v. Raffensperger, et al. (No. 1:22-cv-00090) to file a status report explaining their positions with respect to consolidation. Doc. No. [9],[1] 1:21-cv-5338 and Doc. No. [5], 1:22-cv-00090.[2]

On January 11, 2022, the Parties filed their status reports. Doc. Nos. [20], [21], 1:21-cv-5338 and Doc. Nos. [6], [7], 1:22-cv-00090. Plaintiffs in both cases argue that the constitutional claims in Georgia NAACP and Common Cause

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] While the Court's initial order encompassed all pending redistricting cases in the Northern District of Georgia, upon further consideration, the Court declines to issue a *sua sponte* consolidation ruling for the following cases: Alpha Phi Alpha Fraternity, Inc., et al. v. Raffensperger, 1:21-cv-5337-SCJ; Pendergrass, et al. v. Raffensperger, et al., 1:21-cv-5339-SCJ; and Grant, et al. v. Raffensperger, et al., 1:22-cv-122-SCJ.

2

should be consolidated. Doc. No. [21], 2, 1:21-cv-5338 and Doc. No. [7], 1, 1:22-cv-00090. However, said Plaintiffs also argue that the claims in Georgia NAACP pursuant to Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301, should not be consolidated. Doc. No. [21], 2, 1:21-cv-5338 and Doc. No. [7], 2, 1:22-cv-00090.[3] Plaintiffs in Georgia NAACP assert that "there is a question as to whether it is mandatory for the three-judge court to assert jurisdiction over Plaintiffs' statutory claims." Doc. No. [21], 2, 1:21-cv-5338. Plaintiffs in Common Cause assert that the Section 2 claims "do not share common legal, procedural, or jurisdictional issues." Doc. No. [7], 2, 1:22-cv-00090.

Defendants in both cases support consolidation. See Doc. No. [20], 4, 1:21-cv-5338 and Doc. No. [6], 4, 1:22-cv-00090.

The Court now rules on the issue of consolidation.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or

---

[3] The Common Cause case does not contain any statutory claims.

3

(3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (quotations omitted). The decision to consolidate cases is committed the sound discretion of the trial court. See id. (stating that Rule 42(a) "is permissive and vests a purely discretionary power in the district court" (quotations omitted)); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary.").

In exercising its discretion, the district court must assess several issues, including

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)).

4

Additionally, district courts are authorized to *sua sponte* consolidate actions without motion from the parties. See, e.g., Devilin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."); Blasko v. Washington Metro. Area Transit Auth., 243 F.R.D. 13, 15 (D.D.C. 2007) ("By its plain language, Rule 42(a) permits *sua sponte* consolidation."); Disher v. Citigroup Glob. Mkts., Inc., 487 F. Supp. 2d 1009, 1013–14 (S.D. Ill. 2007) ("A court may order consolidation *sua sponte* and, if need be, over the objections of parties.").

The Eleventh Circuit Court of Appeals has also "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" Hendrix, 776 F.2d at 1495 (quoting Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966)).

### III. ANALYSIS

After due consideration, the Court finds that the Georgia NAACP and Common Cause actions are due to be consolidated.

5

**A.     Consolidation**

The Court finds that there are common questions of law and fact in the Georgia NAACP and Common Cause actions. In their Complaint, Plaintiffs in Georgia NAACP allege that "[w]ith full knowledge of the State's fast changing demographics, the party controlling the Georgia General Assembly . . . created redistricting maps for Georgia's House, Senate, and Congressional districts which are based upon the unconstitutional and unlawful use of race." Doc. No. [1], ¶ 3, 1:21-cv-5338. Specifically, Plaintiffs in Georgia NAACP argue that "[r]ace predominated . . . the redistricting in the new Georgia House, Senate and Congressional plans."[4] Id. ¶ 233. In their Complaint, Plaintiffs in Common Cause allege that "[t]he [Georgia] General Assembly employed the enduring racial gerrymandering tactics of 'packing' and 'cracking' to reduce the voting strength

---

[4] Plaintiffs in Georgia NAACP specifically challenge "Congressional districts: CD-2, CD-3, CD-4, CD-6, CD-7, CD-8, CD-9, CD-10, CD-11, CD-12 and/or CD-13; State Senate districts: SD-01, SD-02, SD-[0]4, SD-05, SD-[0]6, SD-07, SD-[0]9, SD-10, SD-14, SD-17, SD-18, SD-23, SD-25, SD-26, SD-28, SD-30, SD-32, SD-33, SD-34, SD-35, SD-37, SD-38 to SD-44, SD-45, SD-46, SD-48, SD-55 and/or SD-56; and State House districts: HD-[0]4, HD-20, HD-22, HD-25, HD-28, HD-29, HD-30, HD-31, HD-44, HD-46, HD-55 to HD-63, HD-68, HD-69, HD-73, HD-74, HD-75 to HD-79; HD-91 to HD-93, HD-95, HD-98; HD-113, HD-114, HD-120, HD-121, HD-122, HD-124, HD-126, HD, 129, HD-130, HD-132, HD-134, HD-136, HD-145 to HD-148, HD-151, HD-154, HD-161, HD-164 and/or HD-166." Doc. No. [1], ¶ 234, 1:21-cv-5338.

of Georgia's Black voters and other voters of color." Doc. No. [1], ¶ 2, 1:22-cv-00090. Specifically, the Common Cause Plaintiffs allege that Congressional "[d]istricts 6, 13, and 14 were drawn using race as the predominant factor in determining their boundaries." Id. ¶ 120.

The Court finds that the Plaintiffs in both Georgia NAACP and Common Cause allege that the Georgia General Assembly used race as the predominant factor when drawing the new legislative maps and both cases involve challenges to Congressional Districts 6 and 13 (among others). Also, the Plaintiffs in Georgia NAACP and Common Cause both bring claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment. Accordingly, the Court finds that Georgia NAACP and Common Cause contain common questions of law and fact.

In considering the additional above-stated factors for the exercise of the Court's discretion to consolidate, the Court finds that nothing in the record demonstrates that there are specific risks of prejudice or confusion, nor does consolidating burden the parties. In addition, witnesses in both cases will overlap. For example, Plaintiffs in both cases brought suit against Defendant Brad Raffensperger in his official capacity as Georgia Secretary of State. In terms of length of time and expenses to all concerned, the Court notes that all parties

have an interest in receiving a judgment in these cases prior to the qualifying period for the 2024 elections, limiting duplication of effort, and avoiding unnecessary costs and delay.

Accordingly, the Court, in the exercise of its discretion, consolidates the Georgia NAACP and Common Cause actions.

### B.    Jurisdiction Over Section 2 Claims

Plaintiffs in Georgia NAACP argue that it is not mandatory that the three-judge court hear their claims brought pursuant to Section 2 of the VRA. Doc. No. [21], 2, 1:21-cv-5338. As provided by statute, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

In a non-redistricting context, the Supreme Court has indicated that a three-judge court could properly consider a statutory challenge "and grant relief in the exercise of jurisdiction ancillary to that conferred by the constitutional attack on the state statutes which plainly required a three-judge court." Allee v. Medrano, 416 U.S. 802, 812 (1974). In addition, a court can exercise ancillary

8

jurisdiction when the "claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Here, the Court can exercise ancillary jurisdiction over the Section 2 claims. First, it is undisputed that this three-judge Court has original jurisdiction over the constitutional claims in <u>Georgia NAACP</u>. Doc. No. [21], 2, 1:21-cv-5338. Second, there is overlap as to the enumerated districts challenged pursuant to the Fourteenth and Fifteenth Amendments and those challenged pursuant to Section 2 of the VRA. <u>Compare</u> Doc. No. [1], ¶ 234, 1:21-cv-5338, <u>with id.</u> ¶¶ 243, 253. For these reasons, the Section 2 claims and constitutional challenges in <u>Georgia NAACP</u> are so related that they form part of the same case and controversy. Accordingly, the Court may exercise ancillary jurisdiction over Section 2 claims presented in the <u>Georgia NAACP</u> Complaint.

The Third Circuit Court of Appeals was presented with a similar question in the case of <u>Page v. Bartels</u>, 248 F.3d 175 (3d Cir. 2001). In <u>Page</u>, the Third Circuit found that when a plaintiff brings one case asserting both a Section 2 challenge and a constitutional challenge to redistricting, then the three-judge court has jurisdiction to hear the Section 2 claim. <u>Id.</u> at 188.

9

> A straightforward reading of the pertinent language [of 28 U.S.C. § 2284] suggests that the entire case, and not just the constitutional claims, must be heard by a three-judge court. This is because the language of § 2284 itself is broadly applicable to "actions"—not narrowly to "claims"—challenging the constitutionality of [] apportionment . . . .

Id. at 187–88. The "action" in Georgia NAACP involves both constitutional and statutory challenges to Georgia's apportionment of congressional districts and apportionment of a statewide legislative body. Doc. No. [1], pp. 1–2. As such, the three-judge court may exercise jurisdiction over the Section 2 claims. In the interest of judicial efficiency in deciding this action, the Court will exercise ancillary jurisdiction over the Section 2 claims in Georgia NAACP.

## IV. CONCLUSION

For the foregoing reasons, the Court **CONSOLIDATES** Georgia State Conference of the NAACP, et al. v. State of Georgia, et al., 1:21-cv-5338-ELB-SCJ-SDG and Common Cause, et al. v. Raffensperger, et al., 1:22-cv-00090-ELB-SCJ-SDG pursuant to Federal Rule of Civil Procedure 42 and in the exercise of the Court's discretion. The above-stated cases are hereby consolidated for all purposes, including discovery and trial. The Clerk is **DIRECTED** to designate both cases as related/member cases on CM/ECF.

For the time being, the cases will maintain separate identities and the parties shall continue to file under the two respective civil action numbers for the particular case at issue, using that case's existing caption/case style;[5] however, for all joint matters (or matters that will affect both cases), the parties shall file in both cases using the above-stated dual caption/case style so that the matter is docketed in *both* cases.

**IT IS SO ORDERED** this 3rd day of February, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**
**for the Court**

---

[5] See Hall v. Hall, --- U.S. ---, 138 S. Ct. 1118, 1131 (2018) ("None of this means that district courts may not consolidate cases for 'all purposes' in appropriate circumstances. District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases. What our decision does mean is that constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." (citations omitted)).